## [No. 3155.]

## HENRY WEISS *v.* THE STATE.

PLAYING CARDS IN A PUBLIC PLACE—INDICTMENT.—Article 355 of the Penal Code enumerates the public houses in which it is made penal to play at a game of cards. Article 356 prescribes the circumstances under which *a room* in a house may come within the prohibition of the laws, to-wit: "Any room attached to such public house and commonly used for gaming. A private room of an inn or tavern is not within the meaning of public places, unless such room is commonly used for gaming," etc. It follows that when a room of a house is designated as the place of playing, the indictment, to charge the offense of playing cards in a public place, must allege that the room is attached to some one of the public houses named in the statute.

Appeal from the County Court of Robertson. Tried below before the Hon. J. E. Crawford, County Judge.

The opinion discloses the case. The penalty imposed was a fine of ten dollars.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. In this case the indictment charges that appellant did "unlawfully and willfully play at a certain game with cards at and in a certain gaming room used for gaming," etc. Is this allegation sufficient?

After enumerating, in Article 355, the public houses in which it is made penal to play at any game with cards, our statute, Article 356, Penal Code, prescribes the circumstances in which *a room* in a house may come within the prohibition of the law, to wit: "Any room attached to such public house and commonly used for gaming. * * * A private room of an inn or tavern is not within the meaning of public places, unless such room is commonly used for gaming," etc. To play in an out house where people resort is also an offense. (Art. 355.)

Where a room of a house is designated as the place, we are of opinion that the allegations must further declare that such room is attached to some one of the public houses named in the statute. (*O'Brien* v. *The State,* 10 Texas Ct. App., 544.) If the charge had been that the playing was in "a gaming house," instead of "room," that would have been sufficient under Article 356. "House" and "room" are not used as synonymous or convertible terms.

Because the court erred in overruling the motion to quash the indictment, the judgment is reversed, and because the indictment is insufficient to charge an offense, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered June 11, 1884.